PER CURIAM:
Claimant brought this action for vehicle damage which occurred as a result of an encounter with a hole while traveling northbound on Route 2 from Point Pleasant, which is a road maintained by the respondent in Mason County. The Court is of the opinion to make an award for the reasons more fully stated below.
The incident giving rise to this claim occurred on April 3, 1998 at approximately 2:15 p.m. Following work, claimant was traveling northbound on Route 2 to go home. The day in question was clear and there was no oncoming traffic on the road. Claimant was traveling the speed limit, which was fifty-five miles per hour. Unfortunately, claimant’s vehicle hit a previously patched hole on the right berm of the road that had become uncovered. Claimant knew of the hole’s existence, but on April 3,1999, was unable to avoid hitting the hole. Apparently, the hole on the right berm of the road had eroded part of the road. The hole was approximately four inches wide and six to eight inches deep. The resulting damage to claimant’s 1995 Monte Carlo was two bursted tires and a bent wheel rim. Claimant’s loss totaled $277.58. Claimant had collision insurance with a deductible of $250.00.
*23 The well established principle of law in West Virginia is that the State is neither - an insurer nor a guarantor of the safety of motorist upon its roads. Adkins vs. Sims, 130 W.Va. 645; 46 S.E.2d 81 (1947). In order to hold respondent liable for road defects of this type, claimant must prove that respondent had actual or constructive notice. Pritt vs. Dept. of Highways, 16 Ct. Cl. 8 (1985); Harmon vs. Dept. of Highways, 16 Ct. Cl. 127 (1986).
In the present case, the evidence established that the respondent was put on notice a bout the hole, especially after the claim Jason L. Shaffer vs. Division of Highways (CC-98-149), which was an accident at the exact same location in question about two months prior to claimant’s April 3,1999, accident. The Court is of the opinion that respondent did not take reasonable steps to ensure the safety of Route 2 in Mason County. Respondent did have ample opportunities to make repairs and should have been more vigilant. Consequently, there is sufficient evidence of negligence to base an award. However, claimant is entitled to an award for her loss, to the extent of the deductible feature on her collision insurance. Therefore, in view of the foregoing, the Court hereby make the following award.
Award of $250.00